IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| YASHIKA BOYD, | ) | CIVIL NO. 06-00373 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMR HOUSING, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT**

Before the Court is Plaintiff Yashika Boyd's ("Plaintiff") Motion to Amend First Amended Complaint ("Motion"), filed June 12, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, the supporting memoranda and the relevant legal authority, Plaintiff's Motion to Amend First Amended Complaint is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff commenced the instant action on July 6, 2006, against Defendants AMR Housing ("AMR"), Timothy Harding ("Harding"), and Robert M. Gates, U.S. Secretary of Defense ("the Government").  The action arises out of an incident involving the arrest of Plaintiff, a military wife, at her military housing on

May 10, 2005.  Plaintiff alleges constitutional violations based on her improper arrest and mistreatment during the same.  On April 12, 2007, Plaintiff filed her First Amended Complaint.


        Plaintiff filed the instant Motion, seeking to add two defendants: Jose Hernandez ("Hernandez") and Nicholas Blaine Walker ("Walker").  Plaintiff alleges that Hernandez and Walker, both military police officers, violated her constitutional rights.  Specifically, Plaintiff alleges that they falsely arrested her; violated her right to privacy; and deprived her of due process.  Plaintiff claims that the identities of these individuals were unknown to her when she filed her complaint and first amended complaint.  She additionally claims to have made a good faith effort to previously identify these individuals, but was unsuccessful due to limited discovery prior to the commencement of the action.  Plaintiff maintains that she has the following valid claims against Hernandez and Walker: 42 U.S.C. §§ 1981, 1983; assault and battery; false arrest; deliberate indifference; intentional infliction of emotional distress; and Hawai'i state claims.

        Although the Government and Harding initially opposed the Motion, they filed a statement of no opposition on July 18, 2007.

2

## DISCUSSION

Insofar as the deadline for amending the pleadings has passed, Plaintiffs must move to amend the scheduling order in order to amend their Complaint.  A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge."  Fed. R. Civ. P. 16(b).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the motion should be denied.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

Even if the Court grants leave to modify the scheduling order, Plaintiffs must also establish that amendment is appropriate under Federal Rule of Civil Procedure 15(a).  See Johnson, 975 F.2d at 608 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); Fin. Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)).  Under Rule 15(a) of the

3

Federal Rules of Civil Procedure, once an answer or responsive pleading has been filed, the plaintiff must obtain leave of court or the written consent of the defendant to amend the complaint. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).  Not all of these factors carry equal weight; prejudice

4

to the opposing party is the most persuasive factor.  <u>See</u>
<u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th
Cir. 2003) (citation omitted).  The party opposing the motion for
leave to amend bears the burden of establishing prejudice.  <u>See</u>
<u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987)
(citing <u>Beeck v. Aqua-slide 'N' Dive Corp.</u>, 562 F.2d 537, 540
(8th Cir. 1977)).  If there is neither prejudice to the opposing
party nor a strong showing of the remaining factors, there is a
presumption in favor of granting leave to amend.  <u>See</u> <u>Eminence</u>,
316 F.3d at 1052 (citing <u>Lowrey v. Tex. A&M Univ. Sys.</u>, 117 F.3d
242, 245 (5th Cir. 1997)).

        "Futility of amendment can, by itself, justify the
denial of a motion for leave to amend."  <u>Bonin v. Calderon</u>, 59
F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no
set of facts can be proved under the amendment to the pleadings
that would constitute a valid and sufficient claim or defense."
<u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988)
(citations omitted).

        In this case, Plaintiff has failed to satisfy the good
cause requirement mandated by Rule 16(b).  Plaintiff already
amended her Complaint on April 12, 2007, and the deadline for
joining additional parties or amending the pleadings was April 6,
2007.  Other than a conclusory statement that she did not know
the identities of Hernandez and Walker when she filed either her

complaint or first amended complaint, Plaintiff does not articulate how she or her counsel acted diligently to amend the complaint to include these individuals or why good cause exists for doing so.  As such, the Court cannot find that good cause exists and accordingly DENIES Plaintiff's Motion.

<b><u>CONCLUSION</u></b>

Based on the foregoing, Plaintiff's Motion to Amend First Amended Complaint is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 24, 2007.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States Magistrate Judge

**<u>YASHIKA BOYD V. AMR HOUSING, ET AL.</u>; CV 06-00373 HG-LEK; ORDER DENYING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT**